## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ADIDAS AG and | ) | |
| ADIDAS AMERICA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. _____ |
| | ) | |
| USA ADIDAS INTERNATIONAL GROUP, | ) | **JURY TRIAL DEMANDED** |
| LLC and U.S.A. ADIDAS WANDANU | ) | |
| INT'L HOLDINGS LTD., | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas" or "Plaintiffs") state their Complaint against Defendants USA Adidas International Group LLC and U.S.A. Adidas Wandanu Int'l Holdings Ltd. ("Defendants") as follows:

### Nature of the Action

1. This is an action at law and in equity for trademark infringement, dilution, injury to business reputation, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (1994) ("Lanham Act"); the Delaware Trademark Act, DEL. CODE ANN. tit. 6, §§ 3301 et seq. (2006); the Uniform Deceptive Trade Practices Act, DEL. CODE ANN. tit. 6, §§ 2531 et seq.; and the common law.

**The Parties**

2.    Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postfach 1120, D-91072 Herzogenaurach, Federal Republic of Germany.

3.    Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. is wholly-owned by adidas AG and its affiliates, and within this country adidas America is a distributor of ADIDAS brand merchandise, including goods bearing the distinctive Three-Stripe Mark. Plaintiffs adidas AG and adidas America, Inc., and any predecessors or related entities, are collectively referred to as "adidas."

4.    On information and belief, Defendant USA Adidas International Group LLC ("UAIG") is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 5301 Limestone Road, Suite 214, Wilmington, Delaware 19808.

5.    On information and belief, Defendant U.S.A. Adidas.Wandanu Int'l Holdings Ltd. ("Wandanu") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 113 Barksdale Professional Center, Newark, Delaware 19711-3258.

**Jurisdiction & Venue**

6.    This Court has original and subject matter jurisdiction over this action under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and

1338(a).  This Court has jurisdiction over adidas's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7.    This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief, Defendants are citizens of the State of Delaware.

### Facts Common to All Causes of Action

8.    adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  adidas and its affiliates have used the ADIDAS mark in commerce in the United States since at least as early as 1952 and in China since at least as early as 1974, and the ADIDAS mark has come to symbolize adidas's high-quality athletic footwear, sportswear, and sporting equipment, in the United States, China, and throughout the world.

9.    adidas has also used the ADIDAS mark in connection with its frequent sponsorship of sports tournaments and organizations, as well as professional athletes.  For example, adidas has long-term relationships with the New York Yankees, Notre Dame, the University of California at Los Angeles, the University of Nebraska, and the University of Tennessee.  For many years, adidas has been a sponsor of the World Cup soccer tournament, the world-famous Boston Marathon, and many other events, teams, and individuals.  adidas is also a partner of the 2008 Beijing Olympic Games and of the Chinese Olympic Committee for Gym Clothing.  Prominent use of the ADIDAS mark in connection with these sponsorship and partnership activities have further enhanced the mark's recognition and fame.

10.    adidas is the owner of multiple federal registrations for its ADIDAS mark

and variations of that mark, including:

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ADIDAS | 883,592 | 01/06/1970 | "Tote bags" |
| ADIDAS (& design) | 891,222 | 05/19/1970 | "Sports shoes – namely, track and field shoes, bowling, baseball, boxing, football, skating, golf, and soccer shoes" and "Sportswear – namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes, namely, track and field training shoes, basketballs shoes, and tennis shoes" |
| ADIDAS (stylized) | 1,300,627 | 10/16/1984 | "Sportswear – namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers" |
| ADIDAS (& design) | 1,253,013 | 10/04/1983 | "Sportswear – namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warmup suits, rain suits, ski suits, jump suits, shoes and slippers" |
| ADIDAS | 2,734,256 | 07/08/2003 | "Mineral and aerated waters; fruit drinks; soft drinks; concentrates, syrups or powders used in the preparation of soft drinks and fruit drinks" |
| ADIDAS | 2,330,481 | 03/21/2000 | "Computer game programs; computer game software; video game software" |
| ADIDAS | 2,138,288 | 02/24/1998 | "Eyeglasses and sunglasses" and "Watches and wrist watches" |
| ADIDAS | 1,050,759 | 10/19/1976 | "Balls of every kind, rackets for tennis, squash or shuttlecock; ice and roller skates, ski and ski equipment, and racket covers" |

| ADIDAS EQUIPMENT | 1,931,827 | 10/31/1995 | "Sport and leisure wear; namely, shorts, pants, shirts, t-shirts, jerseys, tights, socks, gloves, jackets, swimwear, sweaters, caps and hats, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, slippers, sandals, specific purpose athletic shoes, and general purpose sport shoes" |

True and correct copies of these registrations are attached as Exhibit A. All of these registrations constitute prima facie evidence, and those that are incontestable constitute conclusive evidence, of adidas's exclusive right to use the ADIDAS mark in connection with the goods and services specified in the registrations.

11. adidas is also the owner of various state trademark registrations for its well-known ADIDAS mark, including the following Delaware state registrations:

| Mark | Reg. No. | Reg. Date | Goods |
|------|----------|-----------|-------|
| ADIDAS | 2006/305,9540 | 08/01/2006 | "Sports and leisure wear, namely suits, shorts, pants, sweatpants, leggings, skirts, skorts, dresses, blouses, shirts, t-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suites, training suites, jump suits, warmup suits, rain suits, ski suits, swim wear, underwear, tights, stockings, socks, gloves, scarves, ties, waistbands, belts; Headgear, namely, caps, hats, visors, headbands; Athletic footwear and leisure footwear, namely, boots, slides, sandals, slippers, loafers, trainers, specific purpose athletic shoes and general purpose sports shoes. |

5

| ADIDAS | 2006/305,7197 | 08/01/2006 | "Organizing athletic tournaments; entertainment in the nature of basketball and soccer games; running and golfing events, tennis matches, providing motivational speakers and personal appearances by sporting celebrities; training services in the field of athletics; and sporting events. |
|--------|---------------|------------|---------|

True and correct copies of these registrations are attached as Exhibit B.

12.     On December 24, 1974, adidas registered the ADIDAS mark in China (Reg. No. 71092). (*See* attached Exhibit C). adidas currently owns sixteen registered trademarks in China for the ADIDAS mark and its translated equivalent in Chinese for a variety of different goods.

13.     adidas has a tradition of producing high-quality sporting goods and clothing and is known worldwide for its regular involvement with and participation in the sporting world. In recent years, adidas and its affiliates have realized sales of products bearing the ADIDAS mark in the billions of dollars globally. The ADIDAS mark has become an internationally famous symbol of the goodwill earned and established by the consistently high caliber of adidas's goods and services. The China State Administration for Industry and Commerce has listed adidas's ADIDAS mark on its Protection List for National Important Trademarks.

14.     On information and belief, long after Plaintiffs' ADIDAS mark had become well-known throughout the world and identified in the mind of consumers as a source indicator of adidas's goods, and with full knowledge of adidas's rights in the ADIDAS mark, Defendants registered as corporate entities in the State of Delaware, incorporating the term "ADIDAS" into their corporate names. True and correct print-

6

outs from the Delaware Division of Corporations showing this registration information are attached as Exhibit D.

15.     On information and belief, Defendants produce, distribute, and sell goods in China under the mark "ADIDAS." Defendants also use the mark "ADIDAS" in business advertisements, store signage, hang tags, and product packaging in China.

16.     On information and belief, by incorporating under "ADIDAS" names in the State of Delaware in the United States and then manufacturing and selling "ADIDAS" goods in China, Defendants have intentionally attempted to use an American process to perpetrate infringement in China, under whose law allows use of a term that is contained in an entity's registered name.

17.     On information and belief, Defendants and the Chinese entities Shanghai An Dao Sport Product Company and Shanghai An Dao Shoes Company (the "Chinese Entities") are commonly owned and operated.

18.     On September 26, 2006, the Changsha Intermediate People's Court in the People's Republic of China held that the Chinese Entities were infringing adidas's well-known trademark rights. A true and correct copy of the English translation of the verdict is attached as Exhibit E.

19.     Defendants do not have any present affiliation, association, or connection with or authorization from adidas.

20.     The goods sold by Defendants are similar to and compete with goods sold by adidas, and are sold through overlapping channels of trade.

21.     Defendants' use of confusingly similar imitations of Plaintiffs' ADIDAS mark is likely to deceive, confuse, and mislead prospective purchasers and purchasers

7

into believing that the goods sold by Defendants are manufactured by, authorized by, or in some manner associated with adidas, which they are not. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of adidas's mark is causing irreparable harm to the goodwill symbolized by the ADIDAS mark and the reputation for quality that it embodies.

22.    Defendants' sale and offer for sale of their products bearing "ADIDAS" falsely indicates to the public that the Defendants, and the goods offered by Defendants, are in some manner connected with, sponsored by, affiliated with, or approved by adidas.

23.    Defendants' sale and offer for sale of Defendants' products causes and is likely to cause dilution of the distinctive quality of Plaintiffs' ADIDAS mark.

24.    On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used, and continue to use, confusingly similar imitations of Plaintiffs' ADIDAS mark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

25.    adidas incorporates by reference the allegations contained in Paragraphs 1 through 24.

26.    Defendants' use of confusingly similar imitations of Plaintiffs' ADIDAS mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by adidas, or associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

27.    Defendants have used marks confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. § 1114, and Defendants' activities have caused

and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to adidas's goodwill and reputation as symbolized by the federally registered ADIDAS mark, for which adidas has no adequate remedy at law.

28.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered ADIDAS mark to adidas's great and irreparable injury.

29.    Defendants are causing, and are likely to cause, substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendants' profits and adidas's actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION

30.    adidas incorporates by reference the allegations contained in Paragraphs 1 through 29.

31.    Defendants' use of confusingly similar imitations of Plaintiffs' ADIDAS mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by adidas, or affiliate, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

32.    Defendants have made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and,

9

additionally, injury to adidas's goodwill and reputation as symbolized by the ADIDAS mark, for which adidas has no adequate remedy at law.

33.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' ADIDAS mark to the great and irreparable injury of adidas.

34.    Defendants are causing, and are likely to cause, substantial injury to the public and to adidas, and adidas is entitled to injunctive relief, destruction of the imitations and to recover Defendants' profits and adidas's actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**

35.    adidas incorporates by reference the allegations contained in Paragraphs 1 through 34.

36.    adidas has extensively and continuously promoted and used the registered ADIDAS mark in the United States, China, Delaware, and throughout the world, and the mark has thereby become a famous and well-known symbol of adidas's goods and services.

37.    Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of Plaintiffs' ADIDAS mark by eroding the public's exclusive identification of these famous marks with adidas, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

10

38.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' ADIDAS mark or to cause dilution of the ADIDAS mark, to the great and irreparable injury of adidas.

39.    Defendants have caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive ADIDAS mark in violation of 15 U.S.C. §§ 1125(c), and adidas therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116, and 1117.

## COUNT IV
## STATE TRADEMARK DILUTION AND
## INJURY TO BUSINESS REPUTATION

40.    adidas incorporates by reference the allegations contained in Paragraphs 1 through 39.

41.    adidas has extensively and continuously promoted and used the registered ADIDAS mark in the United States, China, Delaware, and throughout the world, and the mark has become a distinctive, famous, and well-known symbol of adidas's goods and services.

42.    Defendants' unauthorized use of adidas's registered ADIDAS mark dilutes and is likely to dilute the distinctive quality of adidas's mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods and services.

11

43.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' ADIDAS mark or to cause dilution of the ADIDAS mark, to the great and irreparable injury of adidas.

44.    Defendants are causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive ADIDAS mark in violation of the Delaware antidilution laws, DEL. CODE ANN. tit. 6, §§ 3313 (2006).  adidas therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**COUNT V**
**DECEPTIVE TRADE PRACTICES**

45.    adidas incorporates by reference the allegations contained in Paragraphs 1 through 44.

46.    Defendants have been and are passing off their goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods, causing a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, adidas, and otherwise damaging the public.  Defendants' conduct constitutes deceptive trade practices in the course of a business, vocation, or occupation in violation of Delaware's Uniform Deceptive Trade Practices Act, DEL. CODE ANN. tit. 6, §§ 2531 et. seq. (2006).

47.    Defendants' unauthorized use of confusingly similar imitations of Plaintiffs' ADIDAS mark has caused and is likely cause substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and reasonable attorneys' fees.

## COUNT VI
## COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

48.    adidas incorporates by reference the allegations contained in Paragraphs 1 through 47.

49.    Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of adidas unless restrained by this Court, and adidas has no adequate remedy at law for this injury.

50.    On information and belief, Defendants acted with full knowledge of adidas's use of, and statutory and common law rights to, the ADIDAS mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

51.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' ADIDAS mark to the great and irreparable injury of adidas.

52.    As a result of Defendants' acts, adidas has been damaged in an amount not as yet determined or ascertainable.    At a minimum, however, adidas is entitled to injunctive relief and an accounting of Defendants' profits, damages, and costs.    In light of the deliberately fraudulent and malicious use of confusingly similar imitations of Plaintiffs' ADIDAS mark, and the need to deter Defendants from similar conduct, adidas additional is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

1.    That Defendants, the officers, agents, representatives, employees of Defendants, and all persons acting in concert with Defendants, be permanently enjoined from:

    a.    using the ADIDAS mark or any other copy, reproduction, or colorable imitation, or simulation of Plaintiffs' ADIDAS mark on or in connection with Defendants' goods or services;

    b.    using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos or adidas;

    c.    using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by adidas, or are sponsored or authorized by or in any way connected or related to adidas;

    d.    using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of adidas; and

e. passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

f. any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection or association, approval or sponsorship of Defendants' business, products, or services.

2. That Defendants be ordered to direct the Delaware Secretary of State to cancel their corporate registrations;

3. That Defendants be ordered to pay Plaintiffs all profits realized by Defendants by reason of the unlawful acts set forth in this Complaint.

4. That Defendants be ordered to pay Plaintiffs all damages suffered by reason of Defendants' trademark infringement, dilution and unfair competition as set forth in this Complaint.

5. That the Court award Plaintiffs three times the damages suffered by Plaintiffs by reason of Defendants' intentional and unlawful acts as set forth in this Complaint.

6. That Defendants be ordered to pay Plaintiffs punitive damages by reason of Defendants' intentional and unlawful acts as set forth in this Complaint.

7. That Defendants be required to serve on the undersigned counsel for Plaintiffs, within 30 days after the entry of judgment, a written report under oath setting forth in detail the manner in which Defendants have complied with the injunction ordered by this Court.

8.    That Defendants be ordered to pay to Plaintiffs the cost of this action and reasonable attorneys' fees.

9.    That Plaintiffs shall have such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of this matter.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

R. Charles Henn Jr.
Sara Maurer
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 541-3240

DATED:  November 2, 2006
759459 / 30778

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, Delaware 19899
Telephone: (302) 984-6027
Facsimile:  (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs*

# EXHIBIT A

Int. Cl.: 18

Prior U.S. Cl.: 3

**United States Patent and Trademark Office**

**10 Year Renewal**

Reg. No. 883,592

Registered Jan. 6, 1970

Renewal Approved Apr. 17, 1990

## TRADEMARK
## PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORATION)

HERZOGENAURACH, FED REP GERMANY, BY MERGER AND CHANGE OF NAME ADIDAS-SPORTSCHUHFA-BRIKEN ADI DASSLER K.G (FED REP GERMANY GERMAN FIRM), HERZOGENAURACH, NEAR NUREMBERG, FED REP GERMANY

FOR: TOTE BAGS, IN CLASS 3 (INT. CL. 18).

FIRST USE 0–0–1954; IN COMMERCE 0–0–1954.

SER. NO. 72–318,279, FILED 2–4–1969.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 29, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**891,222**
**Registered May 19, 1970**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 318,280, filed Feb. 4, 1969



Adidas-Sportschuhfabriken Adi Dassler K.G. (German firm)
Am Bahnhof Herzogenaurach, near Nuremberg, Germany

For: SPORT SHOES—NAMELY, TRACK AND FIELD SHOES, BOWLING, BASEBALL, BOXING, FOOTBALL, SKATING, GOLF, AND SOCCER SHOES—in CLASS 22 (INT. CL. 25).

For: SPORTSWEAR—NAMELY, SUITS, SHORTS, PANTS, TIGHTS, SHIRTS, GLOVES, AND THE LIKE; JERSEYS; SOCKS; SPORT SHOES—NAMELY, TRACK AND FIELD TRAINING SHOES, BASKETBALL SHOES, AND TENNIS SHOES—in CLASS 39 (INT. CL. 25).

First use February 1967; in commerce Aug. 3, 1967. Owner of U.S. Reg. Nos. 631,812, 738,673 and others.

---

### Certificate of Correction

Registered May 19, 1970                    Registration No. 891,222

Adidas-Sportschuhfabriken Adi Dassler K.G.

It is hereby certified that the above numbered registration is in error and a showing has been made that such error occurred in good faith through the fault of the applicant, said error requiring correction as follows:

In the statement, column 2, line 7, "February 1967" should be deleted and *Apr. 1, 1949* should be inserted and "Aug. 3, 1967" should be deleted and *Dec. 3, 1952* should be inserted.

The said registration should be read as though corrected as specified.

Signed and sealed this 6th day of October 1970.

[SEAL]

Attest:
K. E. PATRICK,
*Attesting Officer.*

WILLIAM E. SCHUYLER, JR.,
*Commissioner of Patents.*

**Certificate of Correction**

Registered May 19, 1970                    Registration No. 891,222

Adidas-Sportschuhfabriken Adi Dassler K.G.

It is hereby certified that the above numbered registration is in error and a showing has been made that such error occurred in good faith through the fault of the applicant, said error requiring correction as follows:

In the statement, column 2, line 7, "February 1967" should be deleted and *Apr. 1, 1949* should be inserted and "Aug. 3, 1967" should be deleted and *Dec. 3, 1952* should be inserted.

The said registration should be read as though corrected as specified.

Signed and sealed this 6th day of October 1970.

[SEAL]

Attest:
K. E. PATRICK,                              WILLIAM E. SCHUYLER, JR.,
*Attesting Officer.*                        *Commissioner of Patents.*

## Certificate of Correction

Registered May 19, 1970                                    Registration No. 891,222

Adidas-Sportschuhfabriken Adi Dassler K.G.

It is hereby certified that the above numbered registration is in error and a showing has been made that such error occurred in good faith through the fault of the applicant, said error requiring correction as follows:

In the statement, column 2, after line 7, ; *First use April 1, 1949; in commerce December 3, 1952 as to "Sport Shoes"* should be inserted.

The said registration should be read as though corrected as specified.
This certificate of correction supersedes the one issued October 6, 1970.
Signed and sealed this 16th day of March 1971.

[SEAL]

Attest:

K. E. PATRICK,                                    WILLIAM E. SCHUYLER, JR.,
*Attesting Officer.*                              *Commissioner of Patents.*

Int. Cls.: 25 and 26

Prior U.S. Cls.: 39 and 40

## United States Patent and Trademark Office

Reg. No. 1,300,627
Registered Oct. 16, 1984

## TRADEMARK
### Principal Register

# adidas

Adidas Sportschuhfabriken Adi Dassler KG (Fed.
Rep. of Germany limited partnership)
Am Bahnhof
Herzogenaurach, Fed. Rep. of Germany D-8522

For: SPORTSWEAR—NAMELY, SUITS,
SHORTS, PANTS, TIGHTS, SHIRTS, JERSEYS,
SOCKS, GLOVES, JACKETS, COATS,
SWIMWEAR, SWEATERS, CAPS, PULLOVERS,
WARM-UP SUITS, RAIN SUITS, SKI SUITS,
JUMP SUITS, BOOTS, SHOES, SLIPPERS, in

CLASS 25 (U.S. Cl. 39).

First use Apr. 1, 1949; in commerce Dec. 3, 1952.

For: SHOELACES, in CLASS 26 (U.S. Cl. 40).

First use Nov. 1, 1979; in commerce Nov. 1, 1979.

Ser. No. 401,865, filed Nov. 27, 1982.

BARRY SOLOMON, Examining Attorney

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,253,013
Registered Oct. 4, 1983

## TRADEMARK
### Principal Register



Adidas Sportschuhfabriken Adi Dassler KG (limited
partnership)
Am Bahnof
Herzogenaurach, Fed. Rep. of Germany D-8522

For: SPORTSWEAR—NAMELY, SUITS,
SHORTS, PANTS, TIGHTS, SHIRTS, JERSEYS,
SOCKS, GLOVES, JACKETS, COATS, SWIM
WEAR, SWEATERS, CAPS, PULLOVERS,
WARMUP SUITS, RAIN SUITS, SKI SUITS,
JUMP SUITS, BOOTS, SHOES AND SLIPPERS,
in CLASS 25 (U.S. Cl. 39).
First use Mar. 1, 1972; in commerce Mar. 1, 1972.

Ser. No. 335,636, filed Nov. 5, 1981.

PAMELA RASK, Examining Attorney

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 2,734,256
Registered July 8, 2003

## TRADEMARK
### PRINCIPAL REGISTER

# adidas

ADIDAS-SALOMON AG (FED REP GERMANY AKTIENGELLSCHAFT (JOINT STOCK COMPANY))
ADI-DASSLER STRASSE 1-2
D-91074
HERZOGENAURACH, FED REP GERMANY 00000

FOR: MINERAL AND AERATED WATERS; FRUIT DRINKS; SOFT DRINKS; CONCENTRATES, SYRUPS OR POWDERS USED IN THE PREPARATION OF SOFT DRINKS AND FRUIT DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

PRIORITY CLAIMED UNDER SEC. 44(D) ON FED REP GERMANY APPLICATION NO. 30208800, FILED 2-20-2002, REG. NO. 30208800, DATED 3-22-2002, EXPIRES 2-29-2012.

SER. NO. 76-405,062, FILED 5-8-2002.

CHRISTOPHER ADKINS, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Corrected

Reg. No. 2,330,481

Registered Mar. 21, 2000

OG Date Dec. 19, 2000

## TRADEMARK
## PRINCIPAL REGISTER

# adidas

ADIDAS -SALOMON AG (FED REP GER-
MANY CORPORATION)
P.O. BOX 1120
HERZOGENAURACH D-91072, FED REP
GERMANY, BY CHANGE OF NAME
ADIDAS AG (FED REP GERMANY COR-
PORATION) HERZOGENAURACH D-91072,
FED REP GERMANY

OWNER OF FED REP GERMANY REG.
NO. 39600083, DATED 5-9-1996, EXPIRES
1-31-2006.

FOR: COMPUTER GAME PROGRAMS;
COMPUTER GAME SOFTWARE; VIDEO
GAME SOFTWARE, IN CLASS 9 (U.S. CLS.
21, 23, 26, 36 AND 38).

SER. NO. 75-136,753, FILED 7-19-1996.

*In testimony whereof I have hereunto set my hand and
caused the seal of The Patent and Trademark Office to
be affixed on Dec. 19, 2000.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cls.: 9 and 14

Prior U.S. Cls.: 2, 21, 23, 26, 27, 28, 36, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,138,288

Registered Feb. 24, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## ADIDAS

ADIDAS AMERICA, INC. (DELAWARE COR-
PORATION)
541 N.E. 20TH AVENUE, SUITE 207
PORTLAND, OR 97232

FOR: EYEGLASSES AND SUNGLASSES, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).
FIRST USE 4–0–1993; IN COMMERCE
11–0–1994.

FOR: WATCHES AND WRIST WATCHES, IN
CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).
FIRST USE 7–0–1993; IN COMMERCE
7–0–1994.

SER. NO. 75–133,757, FILED 7–16–1996.

ANGELA LYKOS, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cl.: 22

## United States Patent Office

Reg. No. 1,050,759
Registered Oct. 19, 1976

## TRADEMARK
### Principal Register

# adidas

Firma Adidas Sportschuhfabriken Adi Dassler KG (German firm)
Am Bahnhof
Herzogenaurach, near Nuremberg, Germany

For: BALLS OF EVERY KIND, RACKETS FOR TENNIS, SQUASH OR SHUTTLECOCK; ICE AND ROLLER SKATES, SKI AND SKI EQUIPMENT, AND RACKET COVERS, in CLASS 28 (U.S. CL. 22).

First use October 1963; in commerce November 1966.

Owner of Reg. Nos. 692,067, 883,592, and 891,222.

Ser. No. 42,102, filed Mar. 18, 1975.

V. T. HARFORD, JR., Examiner

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 1,050,759

Registered Oct. 19, 1976

10 Year Renewal

Renewal Term Begins Oct. 19, 1996

## TRADEMARK
## PRINCIPAL REGISTER

# adidas

ADIDAS AG (FED REP GERMANY CORPORATION)
ADI-DASSLER-STR. 2
91074 HERZOGENAURACH, FED REP GERMANY, BY CHANGE OF NAME, CHANGE OF NAME AND MERGER WITH FIRMA ADIDAS SPORTSCHUH-FABRIKEN ADI DASSLER KG (FED REP GERMANY FIRM), HERZOGEN-AURACH, NEAR NUREMBERG, FED REP GERMANY

OWNER OF U.S. REG. NOS. 692,067, 883,592 AND 891,222.

FOR: BALLS OF EVERY KIND [, RACKETS FOR TENNIS, SQUASH OR SHUTTLECOCK; ICE AND ROLLER SKATES, SKI AND SKI EQUIPMENT, AND RACKET COVERS], IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-0-1963; IN COMMERCE 11-0-1966.

SER. NO. 73-042,102, FILED 3-18-1975.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 12, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cls.: **18 and 25**

Prior U.S. Cls.: **3 and 39**

**Reg. No. 1,931,827**

# United States Patent and Trademark Office

Registered Oct. 31, 1995

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY LIMITED LIABILITY COMPANY)
D–8522 HERZOGENAURACH, FED REP GERMANY

FOR: SPORT BAGS FOR GENERAL USE, IN CLASS 18 (U.S. CL. 3).

FIRST USE 4–30–1990; IN COMMERCE 7–31–1990.

FOR: SPORT AND LEISURE WEAR; NAMELY, SHORTS, PANTS, SHIRTS, T-SHIRTS, JERSEYS, TIGHTS, SOCKS, GLOVES, JACKETS, SWIMWEAR, SWEATERS, CAPS AND HATS, PULLOVERS, WARM-UP SUITS, RAIN SUITS, SKI SUITS, JUMP SUITS, BOOTS, SLIPPERS, SANDALS, SPECIFIC PURPOSE ATHLETIC SHOES, AND GENERAL PURPOSE SPORT SHOES, IN CLASS 25 (U.S. CL. 39).

FIRST USE 4–30–1990; IN COMMERCE 7–31–1990.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EQUIPMENT", APART FROM THE MARK AS SHOWN.

SN 74–105,941, FILED 10–15–1990.

ROBERT C. CLARK JR., EXAMINING ATTORNEY

# EXHIBIT B

J287-579 DES

## REGISTRATION SHEET

| | | |
|---|---|---|
| Registrant | : | adidas AG |
| Trademark | : | adidas |
| State | : | Delaware |
| Registration No. | : | 2006/305,9540 |
| Registration Date | : | August 1, 2006 |
| Next Renewal Date | : | August 1, 2016 |
| Class | : | 25 |
| Goods: | : | Sports and leisure wear, namely suits, shorts, pants, sweatpants, leggings, skirts, skorts, dresses, blouses, shirts, t-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suites, training suites, jump suits, warmup suits, rain suits, ski suits, swim wear, underwear, tights, stockings, socks, gloves, scarves, ties, waistbands, belts; Headgear, namely, caps, hats, visors, headbands; Athletic footwear and leisure footwear, namely boots, slides, sandals, slippers, loafers, trainers, specific purpose athletic shoes and general purpose sports shoes. |

# Delaware

PAGE    1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT ADIDAS AG WHOSE BUSINESS ADDRESS
IS LOCATED AT ADI-DASSLER-STRASSE 1, IN THE CITY OF
HERZOGENAURACH IN THE STATE OF, AND IS INCORPORATED IN THE
COUNTRY OF GERMANY, BERLIN HAS THIS THE FIRST DAY OF AUGUST,
A.D. 2006, AT 9:00 A.M. FILED A REGISTRATION OF TRADEMARK,
"ADIDAS", A COPY OF SAID MARK IS HERETO ATTACHED.

AND I DO HEREBY FURTHER CERTIFY THE DATE OF CLAIM FOR THE
FIRST USE OF THE MARK ANYWHERE IS DECEMBER 1, 1952 AND THE DATE
OF CLAIM FOR THE FIRST USE OF THE MARK IN THE STATE OF DELAWARE
IS DECEMBER 1, 1952.

AND I DO HEREBY FURTHER CERTIFY THE CLASS OF GOODS OR
SERVICES IS NO. 25 AND THE DESCRIPTION OF THE GOODS OR SERVICES
IS SPORTS AND LEISURE WEAR, SWIMWEAR, UNDERWEAR, HEADGEAR,
ATHLETIC FOOTWEAR AND LEISURE FOOTWEAR, SPECIFIC PURPOSE
ATHLETIC SHOES AND GENERAL PURPOSE SPORTS SHOES..

AND I DO HEREBY FURTHER CERTIFY THE TERM OF REGISTRATION IS
TEN YEARS.

AND I DO HEREBY FURTHER CERTIFY THE DATE OF EXPIRATION WILL
BE THE FIRST DAY OF AUGUST, A.D. 2016.

20063059540TMRE

060774770

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5016610

DATE: 09-01-06

J287-580 DES

## REGISTRATION SHEET

| | | |
|---|---|---|
| Registrant | : | adidas AG |
| Trademark | : | adidas |
| State | : | Delaware |
| Registration No. | : | 2006/305,7197 |
| Registration Date | : | August 1, 2006 |
| Next Renewal Date | : | August 1, 2016 |
| Class | : | 41 |
| Goods: | : | Organizing athletic tournaments; entertainment in the nature of basketball and soccer games; running and golfing events, tennis matches, providing motivational speakers and personal appearances by sporting celebrities; training services in the field of athletics; and sporting events. |

# Delaware

PAGE    1

## *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT ADIDAS AG WHOSE BUSINESS ADDRESS
IS LOCATED AT ADI-DASSLER-STRASSE 1, IN THE CITY OF
HERZOGENAURACH IN THE STATE OF, AND IS INCORPORATED IN THE
COUNTRY OF GERMANY, BERLIN HAS THIS THE FIRST DAY OF AUGUST,
A.D. 2006, AT 9:00 A.M. FILED A REGISTRATION OF SERVICE MARK,
"ADIDAS", A COPY OF SAID MARK IS HERETO ATTACHED.

AND I DO HEREBY FURTHER CERTIFY THE DATE OF CLAIM FOR THE
FIRST USE OF THE MARK ANYWHERE IS DECEMBER 1, 1952 AND THE DATE
OF CLAIM FOR THE FIRST USE OF THE MARK IN THE STATE OF DELAWARE
IS DECEMBER 1, 1952.

AND I DO HEREBY FURTHER CERTIFY THE CLASS OF GOODS OR
SERVICES IS NO. 41 AND THE DESCRIPTION OF THE GOODS OR SERVICES
IS OF BASKETBALL & SOCCER GAMES; RUNNING & GOLFING EVENTS,
TENNIS MATCHES, PROVIDING MOTIVATIONAL SPEAKERS AND PERSONAL
APPEARANCES BY SPORTING CELEBRITIES; TRAINING SERVICES IN THE
FIELD OF ATHLETICS;AND SPORTING EVENTS..

AND I DO HEREBY FURTHER CERTIFY THE TERM OF REGISTRATION IS
TEN YEARS.

AND I DO HEREBY FURTHER CERTIFY THE DATE OF EXPIRATION WILL

20063057197TMRE

060774764

AUTHENTICATION: Harriet Smith Windsor, Secretary of State

DATE: 09-01-06



PAGE    2

## The First State

BE THE FIRST DAY OF AUGUST, A.D. 2016.

20063057197TMRE

060774764

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5016336

DATE: 09-01-06

# EXHIBIT C

# CERTIFICATE OF RENEWAL OF REGISTRATION

This hereby approves the renewal of the registration of the Trademark No. 71092. The period of its validity is from December 24, 2004 to December 23, 2014.

October 19, 2004

Seal of the Trademark Office
of The State Administration for Industry & Commerce
of the People's Republic of China

**Note**:    This Certificate must be used together with the Trademark Registration Certificate.

# 核准变更商标注册人名义证明

兹核准第　71092 号商标注册人名义

变更为：阿狄达斯萨洛蒙有限公司（德

国）.



注：本证明应与商标注册证一并使用。

# Approval Certificate of Modification
# Of Trademark Registrant's Name

This is to certify that the registrant's name of the Trademark Registration No. 71092

be approved for modification to  ADIDAS-SALOMON AG .

Issuing date:  April 7, 1999
(Seal of the Trademark Office of the State
Administration for Industry and Commerce
of the People's Republic of China)

*Remarks: This certificate should be in use together with original trademark registration certificate.*

*IT010e_ch_t*

*XZ200410297ZM*

# 核准续展注册证明

　　兹核准第 71092 号商标续展注册，续展注册有效期自 2004 年 12 月 24 日至 2014 年 12 月 23 日。



注：本证明应与《商标注册证》一并使用。

1







# 商 标 注 册 证

第　　71092　　号

商　　　标

ADIDAS

注　　册　　人　　　阿狄达斯(加拿大)公司

注 册 人 地 址　　　加拿大

核 定 使 用 商 品     第     54 类

衣服

兹核准续展注册，商标国际分类改变管理商标局
续展核定使用商品：衣服，鞋，运动鞋，便鞋
商标续展专用章

注册有效期限     自公元  1974 年 12 月 24 日至   1984 年 12 月 23 日

补证日期        1995年3月30日

局 长 签 发 

# 变更注册事项

核准转让注册
受让人：
地址：西德

核准变更注册人名义：阿迪达斯运动鞋厂

核准转让注册
受让人：阿迪达斯有限公司
地址：

中华人民共和国国家工商行政管理局商标局
1990年5月20日
商标变更专用章

中华人民共和国国家工商行政管理局商标局
1985年5月2日
商标变更专用章

# 续　　　展

续展有效期限自1984年12月24日至1994年12月23日
续展有效期限自1994年12月24日至2004年12月23日

中华人民共和国国家工商行政管理局商标局
商标续展专用章

# EXHIBIT D

Division of Corporations - Online Services                                    Page 1 of 1



# State of Delaware
## The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware :          [GO]          Citizen Services | Business Services | \

---

**Department of State: Division of Corporations**

---

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

---

## Entity Details

---

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 3688020 | Incorporation Date / Formation Date: | 07/31/2003 (mm/dd/yyyy) |
| Entity Name: | USA ADIDAS INTERNATIONAL GROUP LLC | | |
| Entity Kind: | LIMITED LIABILITY COMPANY (LLC) | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | CHARLES SNYDERMAN, ESQ. | | |
| Address: | 5301 LIMESTONE ROAD SUITE 214 | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19808 |
| Phone: | (302)239-1104 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ⚪ Status ⚪ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map | about this site | contact us | translate | delaware gov

Division of Corporations - Online Services                                                Page 1 of 1





## State of Delaware
### The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Lo

State Directory | Help | Search Delaware : [Go]                    Citizen Services | Business Services | \

**Department of State: Division of Corporations**

---

<table>
<tr><td>
**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request
</td><td>

Frequently Asked Questions   View Search Results

### Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

</td></tr>
</table>

| File Number: | 3960361 | Incorporation Date / Formation Date: | 04/26/2005 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | U.S.A. ADIDAS.WANDANU INT'L HOLDINGS LTD. | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| Name: | DELAWARE INTERCORP, INC. | | |
|---|---|---|---|
| Address: | 113 BARKSDALE PROFESSIONAL CENTER | | |
| City: | NEWARK | County: | NEW CASTLE |
| State: | DE | Postal Code: | 197113258 |
| Phone: | (302)266-9367 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

https://sos-res.state.de.us/tin/controller                                    6/21/2006

# EXHIBIT E

# People's Republic of China
# Changsha Intermediate People's Court of Hunan Province
# Civil Judgment

(2006)Chong Zhong Min San Chu Zi No. 0110

Plaintiff: Adidas – Salomon AG

Address: Adi – Dassier – Str. 1- 2, 91074, Herzogenaurach, Germany

Legal representative: Gabulia Dilian & Roland Rosihi, who are the representatives authorized by Adidas – Salomon Company.

Agent: Huang Hui, Trademark Agent of Beijing Wan Hui Da Intellectual Property Agency

Agent: Huang Yibiao, Attorney of Beijing Wan Hui Da Intellectual Property Agency

The First Defendant: Shanghai Andao Sport Commodity Co., Ltd.

Address: No. 26, 833 Nong Zhizao Rd. Huangpu District Shanghai

Legal Representative: Yang Junyu, General Manager

Agent: Wang Qing, Attorney of Xiang Yu Law Firm

Agent: Zheng Bin, Male, Born on 26 August 1979. Han Nationality, Business Manager of Shanghai Andao Sport Commodity Co., Ltd.

Address: 34 Zhengshanxilu, Xiaozhoushan Town Qingtian County Zhejiang Province

The Second Defendant: Liu Liguang, Male, Born on 14 March 14 1968. Han Nationality, Actual Owner of "Brother Sports Shop" located at 224 Bayilu Changsha Municipality.

Address: 321 Sports Dormitory 1 Tiyuguanlu Kaifu District Changsha Municipality Hunan Province

The Third Party: Shanghai Andao Footwear Development Company

Address: Dahong Village Malu Town Jiading District Shanghai

Legal Representative: Ye Xiaodi Chairman of the Board of Directors

Agent: Wang Qing, Attorney of Xiang Yu Law Firm

The plaintiff, Adidas – Salomon (hereinafter referred to as Adidas Company) prosecuted the Defendant, Shanghai Andao Sport Commodity Co., Ltd. (hereinafter referred to as Andao Sport Commodity Co., Ltd.) and Liu Liguang to Changsha Municipal Intermediate

People's Court for the dispute of trademark infringement and unfair competition on March 10, 2006. After receiving the prosecution, the court established a collegiate and heard the case in public on June 26 2006. After the hearing, the court held that Shanghai Andao Footwear Company (hereinafter referred to as Andao Footwear Company) had interest connections with the judgment results of this case and hence informed Andao Footwear Company to participate in the prosecution as the third party in accordance with the prescriptions of Clause 2 Article 56 of the Civil Procedure Law of the People's Republic of China. The court organized the plaintiff and the defendants to exchange and cross-examine the evidence. On November 30, the people's court heard the case in public and made a judgment on the case. On August 9 2006, the court heard the case in public for the second time. Huang Yibiao, Agent for Adidas Company, Wang Qing, Agent for Andao Sport Commodity Co., Ltd., Liu Liguang who is a defendant and Wang Qing, Agent for Andao Footwear Company who is the third party presented at the court. And now the judgment for this case has ended.

The plaintiff, Adidas – Salomon stated: The plaintiff is a world-known producer for sports equipment whose products mainly include clothing, footwear and baggage etc.. The trademark of "Adidas/ 阿迪达斯" has become one of the most successful brand trusted by the public. Up to now, the plaintiff has registered the trademark of "ADIDAS/阿迪达斯 in 162 countries and regions and owned the exclusive rights to use the trademark. In China, the trademark of "ADIDAS" was first obtained the registration on December 24 1974 with the registration Number as 71902. Later, the plaintiff registered the English and Chinese Trademarks of "Adidas" and "阿迪达斯" on related goods, which are still within the validity and the plaintiff enjoys exclusive rights to use the trademarks. As the famous producer of sports equipment in the world, the plaintiff's trademarks "Adidas" and "阿迪达斯" enjoy high reputation and sound market fame in China. The defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company used the enterprise's name of the plaintiff who owns the famous trademark "阿迪达斯" in the business activities (This name has not been registered through any official authority) and authorized others to use the plaintiff's trademark "阿迪达斯" in above ways which has infringed the plaintiff's exclusive rights to use the trademark. At the same time, The defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company used the enterprise's name of the plaintiff who owns the famous trademark "阿迪达斯" in the business activities, which has constituted unfair competition against the plaintiff. As the

defendant, Liu Liguang used the enterprise's name of the plaintiff who owns the famous trademark "阿迪达斯" in the business activities, which has infringed the plaintiff's exclusive rights to use the trademark. Moreover, the defendant also sold the infringing goods u ′ g the plaintiff's trademark "3-Leaves device" and registered trademark "Adidas", which has infringed the plaintiff's exclusive rights to use the trademark. In addition, in the infringing goods sold by the defendant, the plaintiff's enterprise name with the wording of the well-known trademark "阿迪达斯" was also used which has constituted unfair competition against the plaintiff. In summary, without authorization, the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company used the wording of "Adidas" and 阿迪达斯" in its enterprise name, business commercials and products, which obviously has the intention to mislead the consumers. Such acts has infringed the plaintiff's exclusive rights to use the registered trademarks of "Adidas and "阿迪达斯". In accordance with relevant Chinese laws and regulations, it belongs to unfair competition acts to use other's registered trademark as part of its own enterprise name. Therefore, the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company have constituted unfair competition against the plaintiff. As the distributor of the above two defendants, Liu Liguang who is also a defendant in this case used the plaintiff's trademark "阿迪达斯" in the prominent place of its shop and sold the infringing and imitating goods, which has constituted the trademark infringement and unfair competition. Hence, the plaintiff filed the prosecution to the court and requested the court to make the judgment by ordering the two defendants and the third party to: 1. Immediately stop the acts of infringing the plaintiff's exclusive rights to use the registered trademarks as well as the unfair competition. 2. Publish apology announcement on the national newspapers to eliminate the effect of infringement; 3. Compensate the plaintiff one million Yuan for its economic losses (including the reasonable expensed paid by the plaintiff for this case); 4. The defendants undertake all the prosecution expenses for this case.

The defendant, Andao Sport Commodity Co., Ltd. defended that: Our Company signed the licensing agreement with USA ADIDAS INTERNATIONAL GROUP LLC on October 24 2004, who authorized our company to use the trademark of "ACCEPTER" numbered 1052945 registered on the goods of Class 25 in Chinese Trademark Office. The trademark licensing agreement has legal effect and recorded in the China Trademark Office. The plaintiff's stating on our producing and selling goods in the name of "美国阿迪达斯

(USA Adidas) " is against the facts. The acts of our company did not infringe the plaintiff's exclusive rights to use the registered trademark, nor constituted unfair competition. USA ADIDAS INTERNATIONAL GROUP LLC is registered in Weminton City of Delaware State in accordance with American laws, which has obtained the notary public from the Clerk of Delaware State. Our company used the trademark of "ACCEPTER" authorized by USA ADIDAS INTERNATIONAL GROUP LLC, which conformed to Chinese laws and regulations. The trademark is legitimately registered and is not identical to or similar with the plaintiff's registered trademark "Adidas". So it did not constitute any infringement. The reason for our company to use such words as "Authorized by USA ADIDAS INTERNATIONAL GROUP LLC" is that it is provided in Article 40 of Chinese Trademark Law that the name of licensor shall be displayed on the goods bearing the licensed trademark if the use of the registered trademark is authorized. Therefore, the act was not against the law nor did it constitute the act of unfair competition as claimed by the plaintiff. To sum up, the prosecution against our company filed by the plaintiff is lacking of factual and legal basis and our company requested the court to reject all its prosecution requirements.

The defendant, Liu Liguang defended that: I. The plaintiff prosecuted me to have sold the infringing goods bearing the registered trademark of "3-leaves device", to which I had no idea because the products were purchased through internet; the prosecuted pants bearing the trademark "Adidas " (specification 8020#) were from some shop of Guangzhou which are proved with unofficial purchasing receipt. I myself had no idea whether the brand of "Adidas" is originated from Germany or the U.S.; II. The design and ornament of the shop were made by the general agent of USA ADIDAS INTERNATIONAL GROUP LLC in Hunan Province and the third party, Andao Footwear Company also authorized my shop to sell the sneakers bearing such words as "美国阿迪达斯国际集团有限公司授权（ authorized by USA ADIDAS INTERNATIONAL GROUP LLC ) ". I had no idea about whether the above acts have conducted infringement. But I did not have subjective intention to conduct it and I immediately stopped using the marks like "美国阿迪达斯（ USA Adidas ) " once I received the prosecution document. Therefore, I infringed the plaintiff's exclusive rights to use the registered trademark without the awareness. And I earnestly request the plaintiff for forgiveness in view that the above acts have been corrected. It is lacking sufficient legal basis for the plaintiff to claim one-million-Yuan compensation.

The third party, Andao Footwear Company claimed: I. Since our company and the defendant, Andao Sport Commodity Co., Ltd. has the same stock holders and they belong to the same group with two different names. Therefore, our company agrees to the defending statements made by Andao Sport Commodity Co., Ltd.; II. It is true that our company and Andao Sport Commodity Co., Ltd. have a general agent named Lu, who signed agreements with the other defendant, Liu Liguang in the name of General Agent of Hunan Province authorized by USA ADIDAS INTERNATIONAL GROUP LLC. However, our company has never authorized the distributor to prominently use "美国阿迪达斯（USA Adidas）" and we have strict regulations on the ornamentation of the shop, shop name and the image design. Therefore, the acts conducted by the other defendant, Liu Liguang who prominently used the word "美国阿迪达斯（USA Adidas）" has nothing to do with our company.

To support its prosecution, the plaintiff, Adidas Company proved the court with the evidences as below:

Evidence 1:    Duplication of trademark registration certificate of " 阿迪达斯 " (No.1106698) and the registration certification.
Evidence 2: Duplication of trademark registration certificate of "ADIDAS" (No.71092) and the registration certification.
Evidence 3: Duplication of "ADIDAS" trademark registration certificate numbered 75360 and the registration certification.
Evidence 4: Duplication of "Adidas" trademark registration certificate numbered 3336263 and the registration certification.
Evidence 5: Duplication of "3-leaves device" trademark registration certificate numbered 169865 and the registration certification.
Evidence 6: Clip of List of Key National Trademarks to be Protected in 1999 and 2000.
Evidence 7: News report of the plaintiff's sponsoring Beijing 2008 Olympic Games.
Evidence 8: YI ZHONG MIN CHU ZI （2004） No. 7239 Civil Judgment
Evidence 9: Quan Xin Zhong Zi (2002) No. 807 Penalty Judgment
Evidence 10: Administrative Penalty Judgment issued by Jinjiang Municipal Administration for Industry and Commerce and Rui'an Municipal Administration for Industry and Commerce

The above 10 pieces of evidences provided by the plaintiff are to prove that the plaintiff is the owner of the serial trademarks "阿迪达斯/ADIDAS". With extensive registration and use, the trademarks "阿迪达斯/ADIDAS" have enjoyed high reputation both in China and the world.

Evidence    11    Advertisement    published    on    newspapers    by    USA    ADIDAS INTERNATIONAL GROUP LLC

Evidence 12 the evidence protection notification for buying the infringing goods as well as the goods-in-kind purchased by the plaintiff.

The above 2 pieces of evidences are to prove that the defendant and the third party have implemented the acts of trademark infringement and unfair competition.

Evidence 13 the reporting materials on the disturbances caused by the defendant's acts, which is to prove that the infringement acts of the defendant has led to the result of misleading the public.

Evidence 14 invoices of translation fee, expenses of purchasing samples of infringing goods, fee of notary public, expenses on the Inquiry of the authority for Industry and Commerce, which is to prove the reasonable expenses paid by the plaintiff for this case.

Evidence 15 Certifications of the registered trademarks numbered 1106698, 71902, 75360 and 3336263, which are to prove that the plaintiff is the owner of the serial trademarks of "阿迪达斯".

Evidence 16, Invoices on notary public and partial traveling expenses, which is to prove the reasonable fees paid by the plaintiff for this case.

Evidence 17 Registration certificates, registration testimonials of the trademarks numbered 1489454, 1485570, 1493353, 1493354 and 1493355 as well as the Rectification on the trademark issues of Three-stripe device.

Evidence 18 Registration Testimonial of trademark numbered 169865.

The plaintiff used the two evidences to prove that the plaintiff is the owner of the trademarks "3-stripes device" and "3-leaves device".

The defendant, Andao Sport Commodity Co., Ltd. provided the following evidences:

Evidence 1 Document of Notary Public issued by the Clerk of Delaware State U.S.A, which is to prove that the USA ADIDAS INTERNATIONAL GROUP LLC is legally registered in the United States of America.

Evidence 2 Licensing Certificate of Andao Sport Commodity Co., Ltd., which is to prove that the company was established legitimately.

Evidence 3 Contract of Authorizing the Use of Trademark, which is to prove that there is legal basis for Andao Sport Commodity Co., Ltd. to use the device and word trademark of "ACCEPTER".

Evidence 4 No. 1052945 Trademark Certificate, which is to prove that the device and word trademark of "ACCEPTER" is legally registered in China.

Evidence 5 Filing Notification on the Contract of Authorizing the use of Trademark

Evidence 6 Authorization Documents issued by USA ADIDAS INTERNATIONAL GROUP LLC

The above two evidence are to prove that there is legal basis for Andao Sport Commodity Co., Ltd. to use the device and word trademark of "ACCEPTER".

Evidence 7 Translated document by Shanghai Unite Translation Company, which is to prove that there is reasonable reasons for Andao Sport Commodity Co., Ltd. to use the wording "美国阿迪达斯 (USA Adidas)" on its products.

The defendant, Liu Liguang submitted the following evidences:

Evidence 1 Picture of the shop, which is to prove that Liu Liguang did not sell the infringing goods any more since he received the plaintiff's prosecution letter.

Evidence 2 Testifying Document on the sale activities authorized by Andao Footwear Company

Evidence 3 Agreement signed between Liu Liguang and the General Agent of Hunan Province authorized by USA ADIDAS INTERNATIONAL GROUP LLC

Evidence 4 Goods-purchasing receipts (3 copies)

Evidence 5 Franchising Sales Board issued by Andao Footwear Company

The above four evidences are to prove that there is lawful origins for the sneakers bearing the such words as "美国阿迪达斯国际集团有限公司授权( Authorized by USA ADIDAS INTERNATIONAL GROUP LLC ) ".

Evidence 6 Receipt of purchasing the pants accused of infringing the trademark of "Adidas", which is to prove the legal source of such goods.

Evidence 7 Receipt of purchasing the sneakers accused of having infringed the trademark of "3-leaves device", which is to prove the goods sold by the defendant are from Aishang Sports Shop of the Taobao Website.

The evidences submitted by the third party, Andao Footwear Company are the same to those provided by Andao Sport Commodity Co., Ltd..

During the process of court-hearing, the court organized the involved parties to cross the evidences and the parties fully expressed their opinions when crossing the evidences to each other.

The defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company expressed the following opinions when crossing the evidences submitted by the plaintiff, Adidas Company: there is no opposition to the truthfulness, legality and connection of Evidence 1-7, 15, 17, 18; there is no opposition to the truthfulness and legality of evidence 8-13, but not to their connections. And evidence 12 which is about the pants accused of having infringing the trademark of "3-leaves" has nothing to do with us; Evidence 13 is from internet whose legality is difficult to be identified. There is opposition to the connection of evidence 14 and 16, holding that the plaintiff can not prove the purposes of those expenses.

The defendant, Liu Liguang expressed the following opinions when crossing the evidences submitted the plaintiff, Adidas Company: there is no opposition to the truthfulness, legality and connections of evidence 1-12, 15, 17, 18; there is no opposition to the truthfulness of evidence 13, 14, 16 but having opposition to the connects of these evidences.

The plaintiff, Adidas Company expressed the following opinions when crossing the evidences submitted by the defendant Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company: there is no opposition to truthfulness of evidence 1 but having opposition to its legality in form, which is held as the evidence formulated in

abroad and need notary public and certification; there is opposition to the connection of evidence 2-5, holding whether the device and word trademark of "ACCEPTER" has constituted infringement is not the issue argued in this case; there is no opposition to evidence 6; there is opposition to the connection of evidence 7, holding that it can not prove that there is reasonable reasons for the defendant and the third party to use the such words as "美国阿迪达斯(USA Adidas)".

The defendant, Liu Liguang accepted the evidences submitted by the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company.

The plaintiff, Adidas Company expressed the following opinions when crossing the evidences submitted by the defendant, Liu Liguang: we do no accept the truthfulness, legality and connections of evidence 1; there is no opposition to the truthfulness and legality of evidence 2-5, but not to their connections, which can not prove that the defendant's acts have not constituted infringement; for evidences 6-7, we do not confirm their truthfulness, legality and connections because they can not prove that the sneakers bearing the trademark of "there-leave-grass device" and the pants bearing the trademark of "Adidas" have legal sources.

The defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company expressed the following opinions when crossing the evidences submitted by the defendant, Liu Liguang: there is no opposition to the truthfulness, legality and connections of evidence 1-5; no opinions will be expressed on the connection of evidence 6-7.

The court held that the evidences used for making judgment shall be true, legal and connecting to each other. 1. about the evidences submitted by the plaintiff, Adidas Company. Evidence 1-10, 15, 18 and No. 1489454 registered trademark involve the trademark registration certificates, registration testimonials and protection records of the serial trademarks"阿迪达斯", which is true in contents, legal in sources and connecting to disputes of this case. Therefore, the court cognize their truthfulness, legality and connections; evidence 11, 13 and other trademark certificates in evidence 17 except No. 1489454 registered trademark do not have direct connections with the disputes of this case. Therefore, the court does not cognize their connections; Evidence 13 is acquired by the plaintiff by means of notary public which is true and legal and can prove that the

defendants and the third party conducted the acts of infringement; evidence 14 and 16 are the reasonable expenses paid by the plaintiff for investigation and stopping infringing acts, which is true in terms of contents and legal in terms of sources. Since the defendants and the third part can not provide sufficient opposite evidences, the court cognize the truthfulness, legality and connections of these evidences. 2. About the evidences proved by the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company. Evidence 1 is formed outside the territory of China and therefore, need notary public and certification. However, the plaintiff accepted the facts proved by them, so the court cognizes their connections; evidence 2-5 is true in contents and legal in sources. The contents of the evidences involve the use of device and word trademark "ACCEPTER". However, whether the trademark of "ACCEPTER" has constituted infringement is not the focus of this case. Therefore, the court does not cognize the connections; Evidence 6 can prove that Andao Sport Commodity Co., Ltd. has marked such words as "American Adidas" on its products; Evidence 7 is true in contents and legal in source, but can not prove the purposes that there is reasonable reason to use such words as "American Adidas" on related goods. Therefore, the court does not cognize its connection. 3. about the evidences submitted by the defendant, Liu Liguang. Evidence 1 is true in contents and legal in sources, which proved that the defendant, Liu Liguang immediately stopped the infringing acts once he received the plaintiff's prosecution notice; evidence 2-5 is true in contents and legal in sources, which proved that Liu Liguang has sold the sneakers bearing such words as "Authorized by American Adidas international", which is an objective fact; the contents of evidence 6-7 can to be identified and they are lacking of legality in form, which can not prove that there is legal source for Liu Liguang to sell sneakers with "three-leave-grass device" and pants with the trademark of "Adidas". Therefore, the court does not cognize their truthfulness, legality and connections.

According to the above cognized evidences, it has been clarified upon trial and examination: the plaintiff, Adidas company acquired the registration of the trademark "ADIDAS" in Germany in 1948. Up to now, the plaintiff has registered the ADIDAS trademark in 162 countries and regions, which enjoys the exclusive rights to use the registered trademark. The trademark of "ADIDAS" owned by the plaintiff was approved for registration on December 24 1974 dedicated on the goods of clothing and shoes in Class 25 with the registration number as 71092. Afterwards, the plaintiff registered a series of trademarks of "ADIDAS" on related goods as well as registered the Chinese

trademark "阿迪达斯" in the goods of Class 25 with the registration number as 1106698. The trademarks registered by the plaintiff involved in this case are: 1. No. 1106698 "阿迪达斯" trademark dedicated in the goods of clothing, shoes and hats, etc.; 2. No. 3336263 Adidas trademark dedicated to the goods of clothing, shoes and hats; 3. No. 75360 ADIDAS trademark dedicated to the goods of sneakers; 4. No. 71092 ADIDAS trademark dedicated to the goods of clothing; 5. No. 169865 trademark dedicated to the goods of clothing, sneakers and hats etc.; 6. No. 1489454 trademark dedicated to the goods of clothing, shoes, hats and socks. The above registered trademarks are still within validity and the plaintiff still enjoys the exclusive rights to use the trademarks. The serials trademarks of "阿迪达斯" owned by the plaintiff enjoy high reputation in China and are listed into the List of National Key Trademarks to Be Protected in 1999 and 2000 by the General Administration for Industry and Commerce. In 2002, Quanzhou Municipal Intermediate People's Court of Fujian Province cognized the ADIDAS trademark owned by the plaintiff as the well-known trademark in the Penalty Judgment of No. 807 (2002 Quan Xin Zhong Zi).

On August 13 2003, USA ADIDAS INTERNATIONAL GOURP LLC was registered and established in Delaware State of the United States. Harriet Smith Windsor, who is the Clerk of the State signed the documents of certification. USA ADIDAS INTERNATIONAL COUTP LLC acquired the exclusive rights to use the combined trademark "ACCEPTER" that is dedicated to the goods of clothing, football sneakers, shoes etc in Class 25 by means of heritage. USA ADIDAS INTERNATIONAL GROUP LLC planed to develop its business in China and hence translated its name as "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC)".

On October 24 2004, USA ADIDAS INTERNATIONAL GROUP LLC (Party A) and the defendant, Andao Sport Commodity Co., Ltd. (Party B) signed the Trademark Licensing Agreement with the main contents as: Party A authorizes Party B to use the combined trademark of "ACCEPTER" numbered 1052945 on the goods of sports clothing. The defendant, Andao Sport Commodity Co., Ltd. marked such words as "美国阿迪达斯国际集团有限公司授权 (authorized by USA ADIDAS INTERNATIONAL GROUP LLC)" on its sports products.

On September 20 2004, USA ADIDAS INTERNATIONAL GOURP LLC authorized the

third party to use the combined trademark of "ACCEPTER" numbered 1052945 on the goods of shoes. The third party, Andao Footwear Company marked such words as "美国阿迪达斯国际集团有限公司授权 (authorized by USA ADIDAS INTERNATIONAL GROUP LLC) " on the tag, package and packing bags of its produced sneakers.

On September 16 2005, the third party, the general agent of Andao Footwear Company in Hunan Province signed an agreement with the defendant Liu Liguang in the name of "General Agent of USA ADIDAS INTERNATIONAL GOURP LLC in Hunan Province" whose main contents are: Party A authorizes Party B to sell the serial products of "American Adidas"; Party B pay 5000 Yuan as deposit and decorate the shop and display the goods according to the unified image and look provided by Party A and Party A will provide the shelf specialized for the sports series of "American Adidas"; Permission shall be given by party A if Party B increases, move or renovate the franchising store of "American Adidas" and Party B must complete the ornament of the shop in accordance with the standards and requirements set by party A. At the same day, the third party, Andao Footwear Company signed the authorizing document for sale and permit Liu Liguang to sell the sneakers series of "ACCEPTER". After the defendant, Liu Liguang paid the deposit and goods money as stipulated in the agreement, the general agent of Andao Footwear Company in Hunan Province decorate the franchising store owned by Liu Liguang which is located at 224 Bayilu Changsha Municipality and provided him with the special shelf and relevant sports goods. The defendant, Liu Liguang hung the plate bearing such words as "美国阿迪达斯国际集团有限公司授权运动.休闲鞋系列产品特约经销 (sports, leisure shoes distributing authorized by USA ADIDAS INTERNATIONAL GROUP LLC) " in the shop. Meanwhile, the words "美国阿迪达斯 (USA Adidas) " is highlighted and the owner of the plate is the third party, Andao Footwear Company.
In addition, it is examined that the defendant, Liu Liguang also sold the sneakers bearing the trademark "3-leaves device" and the sports clothing bearing the device of three stripe device.

After receiving the plaintiff's prosecution notice, the defendant, Liu Liguang immediately stopped the accused infringement acts, that is, it has stopped selling the sports serial goods bearing such words of " 美 国 阿 迪 达 斯 国 际 集 团 有 限 公 司 (USA ADIDAS INTERNATIONAL GROUP LLC) " as well as the sneakers bearing the mark of "3-leaves device" and the sports clothing bearing the device of three stripes. In addition, the

defendant, Liu Liguang also removed the goods shelf of "American Adidas" and the plate bearing such words as "美国阿迪达斯国际集团有限公司授权运动.休闲鞋系列产品特约经销(sports, leisure shoes distributing authorized by USA ADIDAS INTERNATIONAL GROUP LLC)".

It is also clarified upon examination that the plaintiff paid the following expenses for investigation and stopping the infringing acts: 1. Fee of Notary Public totaled 4500 Yuan; 2. 1512 Yuan purchasing the infringing goods; 3. translation fee totaled 3914 Yuan; 4. File searching fee totaled 120 Yuan; 5. Travel expenses totaled 10359.5 Yuan. The above 5 expenses totaled RMB 20355.5 Yuan.

Again it is clarified upon examination that on September 22 2006, the plaintiff, Adidas Company has reached out-court compromise with the plaintiff, Liu Liguang on the amount of compensation for the infringement acts.

According to the statements, results of evidence submission and crossing and combining the investigations at the court, the court summarized the disputes of this case as the four aspects:

Ⅰ. Whether such words as "阿迪达斯" evitable used in the business place and activities by the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company have infringed the plaintiff's exclusive rights to use the registered trademarks.

II. Whether the use of such enterprise name "美国阿迪达斯国际集团有限公司(USA ADIDAS INTERNATIONAL GROUP LLC) " on its goods and in the business activities by the defendants, Andao Sport Commodity Co., Ltd., Liu Liguang and the third Party, Andao Footwear Company has constituted unfair competition against the plaintiff, Adidas Company.

III. Whether the acts of selling the sneakers bearing the trademark of 3-leaves" device and the pants bearing the device of three stripes by the defendant, Liu Liguang has constituted the acts of imitating the goods with registered trademark owned by the plaintiff, Adidas Company.

IV. The acts of using the trademark "ACCEPTER" on the products produced or sold by the defendants Andao Sport Commodity Co., Ltd., Liu Liguang and the third Party, Andao Footwear Company belong to the trial scope in this case. And whether there is factual and legal basis for the plaintiff, Adidas Company to request the one-million-Yuan compensation.

Regarding the first disputes, the court held: Clause 1 Article 1 of Interpretations of the Supreme People's Court of Several Issues Concerning the Application of the Law to the Trial of Civil Dispute Cases Involving Trademarks provides:

The following acts constitute acts causing other harm to another's exclusive right to use a registered trademark as set out in Item (5) of Article 52 of the Trademark Law: "using wording that is identical or similar to another's registered trademark as a business name and displaying it prominently on identical or similar goods, thereby easily causing mistaken recognition on the part of the relevant public;". The enterprise name is a mark to distinguish different marketing bodies, which are usually made up of the location, name, industries and business features of the enterprise. The name is the most evitable part of the enterprise name as well as the mark to distinguish itself from other enterprises. The enterprise shall use the name and wording according to laws and standards. The name may be simplified but shall not mixed with others. Enterprise name and trademark are two functions and have different rights. If they are not used in highlight, they usually do not constitute trademark infringement. In this case, the defendants and the third party used the wording of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " in evitable place and the size of words is big and does not conform to the normal business practices, which will easily make the related public to misunderstand the source of the goods produced and sold by the defendant and the third party or thought the source has certain connections with the plaintiff's goods with the registered trademarks of "ADIDAS/阿迪达斯", which belongs to a evitable way. In addition, the defendant, Liu Liguang stated at the court that "he mixed the "American Adidas" and "the plaintiff's Adidas" when signing the agent agreement with the general agent of the third party, Andao Footwear Company". As a distributor, Liu Liguang may represent as the related public described in the Trademark Law. Its mixture on the source of the goods may used as the reference to judge whether the acts of the defendant and the third party have constituted trademark infringement. Based on the above grounds, the court held that the defendants

and the third party used the enterprise name bearing the wording of "阿迪达斯" in their business place and activities, which harmed the plaintiff's exclusive rights to use the registered trademark of " ADIDAS/阿迪达斯".

About the second disputes, the court held: in accordance with the Law of Countering Unfair Competition, the unfair competition means that operators violate the principle of voluntaries, equality, fairness, honesty and credibility, and observe generally recognized business ethics in carrying on transactions in the market. It is pointed in Article 2 of No. 10 Document (MIN SAN TA ZI 2004) issued by the third court of the Supreme People's Court that "for those situations of violating the principles of honesty and credibility, using the wording in the enterprise name identical or similar to that of others' registered trademarks that will make the public misunderstand the source of its goods or services, the court may examine whether they have constituted the acts of unfair competition and the civil liability of those who conduct the acts shall be pursued or not in accordance with the relevant provisions of the General Principles of the Civil Law of the People's Republic of China and Clause 1 and 2 Article 2 of the Law of Countering Unfair Competition." Therefore, this "reply" clarifies the situations of "using wording that is identical or similar to another's registered trademark as a business name and displaying it prominently on identical or similar goods." The court held that to judge whether it has constituted unfair competition in this case mainly relies on the existing possibility of misunderstanding and misleading. And the reputation and prominence of the plaintiff's trademark will have direct impact on the existing possibility of the misunderstanding and misleading. Therefore, whether the registered trademark "阿迪达斯" of the plaintiff applied for protection in this case has been used and whether it has certain influences and reputation are key factors to be considered in judging the infringement. Based on the above three reasons, the court cognized that the registered trademark "阿迪达斯" owned by the plaintiff has been used and enjoys certain influences and reputation: 1. in 1948, the plaintiff's trademark "ADIDAS" was approved for registration in Germany. Up to now, the plaintiff has registered the trademark ADIDAS in 162 countries and regions and owns the exclusive rights to use the trademark; 2. on September 21 1997, the plaintiff registered the Chinese Trademark "阿迪达斯" on the goods of clothing in Class 25; 3. the State Administration for Industry and Commerce listed the trademark of "阿迪达斯/ ADIDAS" into the List of Key National Trademarks to Be Protected in 1999 and 2000 respectively; in 2002, Quanzhou Municipal Intermediate People's Court of Fujian Province cognized

the trademark ADIDAS as the well-known trademark in No. 807 Penalty Judgment (QUAN XIN ZHONG ZI 2002).

In this case, the defendants and the third party have conducted the acts of "using wording that is identical or similar to another's registered trademark as a business name and displaying it prominently on identical or similar goods." However, the defendants and the third party stated that "the reason for them to use such wording of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " in relevant goods and shops is caused by the translation company who translated the enterprise name of licensor to No. 1052945 trademark "ACCEPTER" into such a Chinese name. Therefore, the defendants and the third party have no malicious in subject. However, the court held that there are many Chinese translations for an English word. 阿迪达斯" is a creative translation to the trademark "ADIDAS" by the plaintiff. "阿迪达斯" and "ADIDAS" belong to the creative vocabulary without any meaning. But after long-time use by the plaintiff, the two words has obtained sufficient prominence and formed the matching relations to each other. Under this circumstance, the defendant and the third party translated the name of "USA ADIDAS INTERNATIONAL GROUP LLC" registered by the registrant of the trademark "ACCEPTER" outside China into such Chinese "阿迪达斯 " and used it on identical goods, which is lacking of reasonable basis and has the subjective intention of making disturbances. Therefore, the defendant and the third party's defense that "阿迪达斯" is reasonable translation to the foreign enterprise name who licensed the use of its trademark can not be established.

The defendant and the third party provided that " the use of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " is to mark the licensor of the registered trademark and such use is lawful in accordance with Clause 2 Article 40 of Chinese Trademark Law". But the court held that it is provided in Clause 2 Article 40 that "Where any party is authorized to use a registered trademark of another person, the name of the licensee and the origin of the goods must be indicated on the goods that bear the registered trademark." Obviously, it is the licensee, not the licensor that shall be indicated when authorizing others to use the registered trademark. Therefore, the name of the defendant, Andao Sports Equipment and the third party, Andao Footwear Company shall be indicated in this case while there is no legal obligation to indicate the licensor's name of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP

LLC) " on relevant goods. There is no legal basis for the defenses stated by the defendants and the third party and therefore, they will not be adopted and trusted by the court.

The defendant and the third party also provided that "USA ADIDAS INTERNATIONAL GROUP LLC" is a company lawfully established in the United States of America, who shall have the right to use Chinese enterprise name of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " and such use shall be protected by Chinese laws." For this, the court held that though it is provided in Article 8 of Paris Convention for the Protection of Industrial Property "A trade name shall be protected in all the countries of the Union without the obligation of filing or registration, whether or not it forms part of a trademark.", such protection provided in the Paris Convention for the Protection of Industrial Property is subject to its name will not constitute any unfair competition against other enterprise. The protection for the name of foreign enterprise in China is subject to the pre-condition that the name shall not infringe other's rights and not constitute any unfair competition. It is provided in Clause 2 Article 10 of Paris Convention for the Protection of Industrial Property that "Any act of competition contrary to honest practices in industrial or commercial matters constitutes an act of unfair competition. The following in particular shall be prohibited: (1) All acts of such a nature as to create confusion by any means whatever with the establishment, the goods, or the industrial or commercial activities, of a competitor; (2) False allegations in the course of trade of such a nature as to discredit the establishment, the goods, or the industrial or commercial activities, of a competitor; (3) indications or allegations the use of which in the course of trade is liable to mislead the public as to the nature, the manufacturing process, the characteristics, the suitability for their purpose, or the quantity, of the goods.

In this case, USA ADIDAS INTERNATIONAL GROUP LLC is the enterprise name for the registrant of the trademark "ACCEPTER" in the United States of America. However, the plaintiff's trademark of "阿迪达斯/ADIDAS" and its enterprise name bearing the wording of "阿迪达斯/ADIDAS" are obviously registered much earlier than that of the above enterprise name. The Chinese enterprise name of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " used by the defendant and the third party are not the one approved for registration in accordance with American or Chinese laws. The defendants and the third party can not consider its use in China lawful just because the trademark licensor registered the enterprise name of USA ADIDAS

INTERNATIONAL GROUP LLC in abroad. Nor can the defendants and the third party take it as the basis to enjoy the rights to use the Chinese name of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) ". Since the trademarks of "阿迪达斯/ADIDAS" owned by the plaintiff enjoys high reputation and round fame, there is suspects of disturbance, misleading and imitation for the defendants and the third party to use the Chinese name of 美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " in their business activities on the basis of either Chinese laws and regulations or the provisions of Paris Convention for the Protection of Industrial Property, which shall be prohibited. Therefore, the court will not adopt and trust the defending grounds provided by the defendants and the third party.

To sum up, the defendants and the third party made use of the reputation and fame of the plaintiff's serial brand "Adidas/阿迪达斯" in the market to mislead the public to mix or connecting the origin of its goods, which has violated the principles of honesty and integrity, destroyed the market environment of unfair competition, harmed the plaintiff's current and potential business interests and profits and constituted unfair competition against the plaintiff. Therefore, the court cognized that the use of the Chinese enterprise name of "美国阿迪达斯国际集团有限公司 (USA ADIDAS INTERNATIONAL GROUP LLC) " by the defendants and the third party in the business activities and goods has constituted unfair competition against the plaintiff.

About the third disputes, the court held that : it is provided in Clause 1 Article 52 of Chinese Trademark Law "to use a trademark that is identical with or similar to a registered trademark in respect of the same or similar goods without authorization of the proprietor of the registered trademark belongs to the infringement of the exclusive right to use a registered trademark"; Clause 2 Article 52 of Chinese Trademark Law provides that "to sell the goods that infringe the exclusive right to use a registered trademark belongs to the infringement of the exclusive right to use a registered trademark"; Clause 3 Article 56 of Chinese Trademark Law provided that " The seller shall not bear the liability to make compensation if he does not know that the goods have infringed other people's exclusive right to use a registered trademark or he has evidence to prove that he obtained the goods through legal channels and indicate the name of the supplier." So to sell the goods infringing the exclusive rights to use the registered trademark belongs to the trademark infringement and will constitute independent infringing liabilities. The basic function of a

trademark is to distinguish the different origin of goods or services. Any acts of trademark use that may cause the general public to misunderstand the origin of the goods or have wrong connections shall be prohibited. Therefore, to cognize the trademark infringement shall be compared and judged from two aspects in terms of trademark and goods (services). 1. in terms of trademark comparison. On the basis of separate observation and the general attention of the related public, we may found that the accused infringing trademark basically has no visual difference from the registered trademark applied for protection by the plaintiff and has constituted identical trademark when comparing the marks of "3-leaves device" and "Adidas" on the accused infringing goods of the defendant and No. 169865 Trademark "3-leaves device", No. 3336263 trademark "Adidas" as well as No. 1489454 trademark ; 2. in terms of goods comparison, the accused goods of sneakers and pants and the plaintiff's goods designated to the registered trademark belong to identical goods. Therefore, the defendant, Liu Liguang's selling the sport shoes with the mark "3-leaves device" and sports pants bearing the mark "◄◄◄ " has infringed the plaintiff's exclusive rights to use the registered trademark, which belong to the infringing acts of selling goods of imitating registered trademark. In view that the defendant, Liu Liguang can not provide authentic evidences to prove the lawful channel of the above goods accused of infringement, it shall undertake the civil liabilities including the compensation for losses.

About the fourth disputes, the court held that: on the basis of the following grounds, the court may confirm that the acts of using the trademark "ACCEPTER" by the defendants and the third party in the production and sales of the goods: 1. the plaintiff does not file prosecution against the defendants and the third party's acts of using the trademark "ACCEPTER", that is no clear prosecution requirements; 2. the trademark "ACCEPTER" used by the defendants and the third party are the one acquired the exclusive rights to use the registered trademark. Disputes concerning authorization of registered trademark do not belong to the acceptance scope of civil prosecution of the people's court.

About the amount of compensation, it is provided in Clause 1 Article 20 of the Law of the People's Republic of China for Countering Unfair Competition of that "Where an operator, in contravention of the provisions of this Law, causes damage to another operator, i. e., the injured party, it or he shall bear the responsibility for compensating for the damages. Where the losses suffered by the injured operator are difficult to calculate, the amount of damages shall be the profit gained by the infringer during the period of

infringement through the infringing act. The infringer shall also bear all reasonable costs paid by the injured operator in investigating the acts of unfair competition committed by the operator suspected of infringing its or his lawful rights and interests." It is provided in Article 56 of Chinese Trademark Law that "The amount of compensation for the infringement of the exclusive right to use a registered trademark shall be the profit that the infringer has earned through the infringement during the period of the infringement or the damages that the infringed has suffered through the infringement during the period of infringement, including the rational expenses paid by the infringed for stopping the infringing act. Where it is difficult to determine the amount of the infringer's profit from the infringing act or the amount of loss suffered by the infringed from the infringing act, the people's court shall make a decision on the amount of compensation below US$500,000, taking into account the seriousness of the infringement." The plaintiff claimed one-million-Yuan compensation, but it can not provide exact calculation formula and reasonable calculation basis. And because the loss suffered by the plaintiff from the infringement and the profits gained by the defendants from the infringement are difficult to judge, the court will apply the provisions set in the Trademark Law to decide the compensation amount for this case as well as decide the reasonable expenses paid for investigation and stopping the trademark infringement by referring the provisions of the Law of the People's Republic of China for Countering Unfair Competition. The following factors will have direct influence on the decision of the compensation amount for this case: 1. the characteristics of the infringing acts conduced by the defendants and the third party. The acts of the defendants and the third party have constituted trademark infringement and unfair competition at the same time; 2. The time and scope of infringement. Viewing from the affirmed evidences, the infringing acts in this case lasts long and the sales scope of the infringing goods is large.; 3. Infringement results. The infringement has harmed the plaintiff's exclusive rights to use several registered trademarks, which has harmed the plaintiff's current and potential business profits; 4. the subjective status of infringement. The defendants and the third party have the subjective intention to make use of the reputation of the plaintiff's trademark. However, the plaintiff, Liu Liguang immediately stopped the relevant infringing acts after receiving the copy of the plaintiff's prosecution document; 6. Reasonable expenses paid by the plaintiff to investigating and stopping the infringing goods. The fees cognized by the court are: fee of notary public totaled 4500 Yuan, Fee for purchasing the infringing goods totaled 1512 Yuan, translation fee totaled 3914 Yuan, Filing search fee totaled 120 Yuan and traveling expenses totaled 10359.5

Yuan. The above five fees are totaled 20355.5 Yuan. Taking the above 6 factor into consideration, the court will decide the compensation amount for this case within the scope stipulated by the law. For the exceeding part of compensation requested by the plaintiff, the court does not give support.

To sum up, without permission, the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company prominently used the enterprise name with the plaintiff's well-known trademark "阿迪达斯(Adidas)"and allow others to use the plaintiff's trademark "阿迪达斯(Adidas)" with the above means, which has infringed the plaintiff's exclusive rights to use the registered trademark. At the same time, the above two companies also used he enterprise name with the plaintiff's well-known trademark "阿迪达斯(Adidas)" in their business activities, which has constituted unfair competition. Without permission, the defendant, Liu Liguang prominently used he enterprise name with the plaintiff's well-known trademark "阿迪达斯(Adidas)" in its business place, which has constituted the plaintiff's exclusive rights to use the registered trademark. In addition, the defendant, Liu Liguang also sold the infringing goods bearing the plaintiff's trademarks of "三叶草(3-leaves)"and "Adidas", which infringed the plaintiff's exclusive rights to use the registered trademark. And in the goods sold by the defendant, Liu Liguang, there exists the situation of using the  enterprise name with the plaintiff's well-known trademark "阿迪达斯(Adidas)", which has constituted unfair competition against the plaintiff. Therefore, the defendants, Andao Sport Commodity Co., Ltd., Liu Liguang and the third party, Andao Footwear Company shall undertake the civil liabilities of compensating the infringement. Since the defendant, Andao Sport Commodity Co., Ltd. and the third party, Andao Footwear Company admitted that the two companies are operated by the same group with two different names and has contacts to the occurrence of the infringement in this case, their acts have constituted joint infringement and they should undertake implicative liability. In view that after receiving the prosecution document, Liu Liguang actively stopped the acts of infringing the plaintiff's exclusive rights to use the trademark, unfair competition and imitating the registered trademark, it is not necessary to order it again to stop the infringement. In addition, because the defendant, Liu Liguang and the plaintiff, Adidas Company have reached comprise agreement outside the court on the compensation amount, the court gives permission to the compensation agreement in accordance with the provisions of Clause 3 Article 16 of Interpretations of the Supreme People's Court of Several Issues Concerning the Application of the Law to the Trial of of Civil Disputes

Involving Trademarks. Therefore, the compensation liability for the defendant, Liu Liguang will not be stated in the main text of the judgment

The plaintiff, Adidas Company requested the two defendants and the third party to eliminate the effect, for which it is provided in Article 21 of Interpretations of the Supreme People's Court of Several Issues Concerning the Application of the Law to the Trial of of Civil Disputes Involving Trademarks: " Where a People's Court is trying a dispute involving the infringement of exclusive rights to use a registered trademark, in accordance with the provisions of Article 134 of the General Provisions of the Civil Code and Article 53 of the Trademark Law and the specific circumstances of the case, the court can issue a judgment [ordering] the infringer to bear such civil liability as stopping the infringement, removing obstructions, eliminating dangers, compensating loss, eliminating the effect [of the infringement], etc." In this case, the infringement act conducted by the two defendants and the third party has caused unfavorable influence on the plaintiff's trademarks "阿迪达斯(Adidas)", which made the public misunderstand or have connections on the goods produced or sold by the two defendants and the third party. Therefore, in accordance with the concrete situation, it is necessary to order the two defendants and the third party to undertake the civil liabilities to eliminate the effect. The prosecution requests filed by the plaintiff have legal basis, which the court will support.

Therefore, in accordance with Article 4, 130 and 134 of  GENERAL PRINCIPLES OF THE CIVIL LAW OF THE  PEOPLE'S  REPUBLIC  OF CHINA, Article 14, Clause 2 Article 40, Clause 1, 2 and 5 of Article 52 and Article 56 of Chinese Trademark Law, Article 2 and 20 of Law of the People's Republic of China for Countering Unfair Competition and Clause 1 Article 1, Article 8, 9, 10, 16, 17, Clause 1 Article 21 and Article 22 of Interpretations of the Supreme People's Court of Several Issues Concerning the Application of the Law to the Trial of of Civil Disputes Involving Trademarks, the court made the judgment as below:

I. The defendant, Shanghai Andao Sport Commodity Co., Ltd. and the third party, Shanghai Andao Footwear Company shall immediately stop the acts of infringing the plaintiff's exclusive rights to use the registered trademark of No. 1106698 "阿迪达斯 (Adidas)", No. 75360 "ADIDAS", No. 71092 "ADIDAS" and No. 3336263 "Adidas" upon the date when this judgment takes effect. .

II. The defendant, Shanghai Andao Sport Commodity Co., Ltd. and the third party, Shanghai Andao Footwear Company shall immediately stop the acts of unfair competition against the plaintiff, Adidas Company upon the date when this judgment takes effect.

III. The defendant, Shanghai Andao Sport Commodity Co., Ltd. and the third party, Shanghai Andao Footwear Company shall compensate the Adidas Company 400,000 Yuan for economic losses (including the 20355.5 Yuan reasonable expenses paid by the plaintiff for investigating and stopping the infringement acts).

IV. The defendant, Shanghai Andao Sport Commodity Co., Ltd. and Liu Liguang and the third party, Shanghai Andao Footwear Company shall publish a notice on the People's Court Newspaper to eliminate the effect caused by infringing the plaintiff's exclusive rights to use the registered trademarks of "阿迪达斯(Adidas)", "ADIDAS" and "Adidas" within 30 days since the judgment takes effect. The contents of the notice must be approved by the court.

V. Reject other prosecution filed by the plaintiff, Adidas Company.

The case acceptance fee totaled 15010 Yuan, the plaintiff, Adidas Company undertakes 1501 Yuan; The defendant, Shanghai Andao Sport Commodity Co., Ltd. and Liu Liguang and the third party, Shanghai Andao Footwear Company jointly undertake 12008 Yuan and the defendant ,Liu Liguang undertakes 1501 Yuan.

If not satisfied with this judgment, the Plaintiff, Adidas Company may submit an appeal within 30 days upon the receipt of the judgment while the defendant, Shanghai Andao Sport Commodity Co., Ltd. and Liu Liguang and the third party, Shanghai Andao Footwear Company may bring an appeal within 15 days upon the receipt of the judgment to Hunan Provincial Supreme People's Court as well as provide appeal copies same to the number of people of the opposite party .

Chief Judge: He Wenzhe
Judge: Yu Hui
Agent Judge: Wu Xin

Clerk of the court: Huang Le

September 26 , 2006

JS 44  (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS

ADIDAS AG, and
ADIDAS AMERICA, INC

## DEFENDANTS

USA ADIDAS INTERNATIONAL GROUP, LLC, and
U S A. ADIDAS WANDANU INT'L HOLDINGS LTD

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N Market Street, P O Box 951
Wilmington, DE 19899-0951

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U S Government Not a Party)
- [ ] 2 U S Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [x] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl Ret Inc Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S. Civil Statute under which you are filing and write brief statement of cause
Do not cite jurisdictional statutes unless diversity)

15 U S C Section 1051, et seq Action for federal trademark infringement and unfair competition with related state statutory and common law claims

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
11/02/2006

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

JS 44 Reverse  (Rev  12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b ) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

 II.     **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States, are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.   (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.**  This section of the JS-44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.     **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

 Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.     **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases**.  This section of the JS-44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

06 - 675

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

____11-2-06____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action